**John P. NICKOLAI, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–610.**

Court of Appeals of Alaska.

Nov. 29, 1985.

Sen K. Tan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

### OPINION

COATS, Judge.

John Nickolai was found guilty, following a jury trial, of murder in the second degree for causing the death of Lillian Hinds. He appeals to this court, raising several issues on appeal. We conclude that the trial judge erred in not granting Nickolai's motion for a change of venue, and therefore reverse Nickolai's conviction.

The incident which led to the murder charges occurred in the village of Ekwok, which is near Dillingham. Several reports about the homicide were broadcast over the local radio station and appeared in the local papers.

Trial was scheduled in Dillingham. During pretrial motions Nickolai moved for a change of venue, based upon the small population of the Dillingham area and the fact that both Nickolai and Hinds were well known to local residents. Judge Victor Carlson denied the motion. During voir dire of the jury, Nickolai repeatedly renewed his motion for change of venue. Judge Carlson continued to deny the motion.

Under AS 22.10.040(1) a change of venue is proper when "there is reason to believe that an impartial trial cannot be had[.]" In interpreting this statute the Alaska Supreme Court has stated that "[t]he ultimate object of the trial court therefore is to find twelve jurors 'who would, under the proper instructions, fulfill their sworn duty to render a just verdict exclusively on the evidence presented in open court.'" *Mallott v. State*, 608 P.2d 737, 745–46 (Alaska 1980).

In the present case Judge Carlson stated that "the jurors who have not been excused for cause seem to be uniformly of the type of person who can judge a case based upon what they hear from the witness stand and not something that they have heard over the radio, read in the Bristol Bay Times and so forth." Despite Judge Carlson's statement, we think that this case is controlled by *Oxereok v. State*, 611 P.2d 913, 918–19 (Alaska 1980), where the supreme court reversed on the issue of venue even though voir dire did not reveal that "any of the impaneled jurors were predisposed to convict [the defendant]." *Id.* at 919.

The trial in *Oxereok* was held in Nome, a community of 3,000 residents. There was substantial pretrial publicity, and because many of the potential jurors were related to one of the parties or one of the witnesses, or had knowledge about the facts of the case, there was considerable difficulty in selecting a jury. *Id.* at 918–19. The court stated:

> [T]he voir dire process is not an infallible Geiger counter of juror prejudice, and to rely excessively on its efficacy in uncovering "actual prejudice" places an unrealistic burden on a defendant.

*Id.* at 919 (quoting *Mallott v. State*, 608 P.2d at 748).[1]

In the present case *voir dire* took two days to complete. Ninety-one venire persons were examined · before a jury of twelve, with two alternates, could be seated. Thirty-three potential jurors were excused because they were related to either Nickolai or Hinds, or knew members of Nickolai's or Hinds' families well. In addition, all of the jurors who were seated expressed at least some knowledge about the facts of the case.

Like *Oxereok*, we think the important issue before us is the "relationship that

existed between many of the prospective jurors and one or more of the parties or witnesses involved." 611 P.2d at 918. Because their relationship to or knowledge about Nickolai and/or Hinds the probability that similar prejudices were shared by, but not extracted from, impaneled jurors is high. *See id.* at 919. Therefore, we hold that it was an abuse of discretion not to grant Nickolai's motion for change of venue.[2]

REVERSED.

---

1. In *Mallot* the supreme court adopted the A.B.A. proposal that

   [a] motion for change of venue or continuance shall be granted whenever it is determined that, because of the dissemination of potentially prejudicial material, there is a substantial likelihood that, in the absence of such relief, a fair trial by an impartial jury cannot be had.... A showing of actual prejudice

shall not be required. ABA Standards Relating to the *Administration of Criminal Justice, Fair Trial and Free Press*, 8–3.3(c) (2d ed. Tent.Draft 1978).

2. Since we have decided to reverse on the venue issue, we do not reach the other issues that Nickolai raised in his appeal.